## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. LUNDEEN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:12-cv-00696-SEB-DKL |
| vs. ) | |
| ) | |
| FRANCES L. KELLY official capacity, ) | |
| ) | |
| Defendant. ) | |

## ENTRY DENYING REQUESTS FOR INJUNCTIVE RELIEF

Plaintiff James E. Lundeen Sr. ("Lundeen") filed this civil action challenging the decision of the Medical Licensing Board of Indiana ("Board") to place Lundeen's medical license on indefinite suspension. He has named Frances L. Kelly, the Executive Director of the Indiana Professional Licensing Agency (the "Director"), in her official capacity as the sole defendant pursuant to 42 U.S.C. § 1983. Lundeen seeks prospective injunctive relief. Specifically, he seeks to enjoin the Director from enforcing two orders of the Board and an order mandating that the Director change Lundeen's medical license status to "active unrestricted status."

For the reasons explained below, Lundeen's request for a temporary restraining order and preliminary injunction must be **denied**.

### Factual Background

Lundeen has challenged the suspension and subsequent permanent revocation of his medical license in Ohio in both state a federal court. Each of his challenges has been unsuccessful.[1] The court takes judicial notice of the voluminous administrative and court records related to this action (including those attached to the complaint and those available publically). *See Wigod v. Wells Fargo Bank,* 673 F.3d 547, 556 (7th Cir. 2012) (collecting cases); *In re Salem*, 465 F.3d 767, 771 (7th

---

[1] *See Lundeen v. The State Medical Board of Ohio*, 2:11-cv-1128, 2012 WL 2930836 (S.D. Ohio July 18, 2012); *Lundeen v. State Medical Bd. Of Ohio*, No. 2:11-cv-1054, 2011 WL 6258445 (S.D. Ohio, Dec. 15, 2011); *Lundeen v. Talmadge,* 2011 WL 5835139, 1 (S.D. Ohio, November 21, 2011) (citing *Lundeen v. Buehrer*, Case No. 2:11–CV–363 (S.D. Ohio); *Lundeen v. Ridge*, Case No. 2:11–CV–430 (S.D. Ohio); *State ex rel. Lundeen v. Whitehouse*, No. 2011–907, 951 N.E.2d 1041 (Ohio Aug. 24, 2011) (dismissing plaintiff's request for a writ of mandamus); *Lundeen v. Ohio Bur. of Workers' Compensation*, Case No. 11–CV–4590 (Ohio Ct. App. Franklin County) (terminated July 21, 2011)).

Cir. 2006) (citing cases). These records directly contradict Lundeen's claim that his Ohio medical license was summarily suspended by the Ohio Board "based on false, misleading, and fraudulent statements and in retaliation for suing Ohio Bureau of Workers' Compensation in a mandamus action." Dkt. 10 at p. 4. Similarly, disregarded is Lundeen's claim that the Ohio Board did not have the subject matter jurisdiction necessary to permanently revoke his license. See dkt. 15 at p. 4. Such a claim is not consistent with the record (although the court acknowledges Lundeen's continued efforts in the Ohio State courts pursuing this issue). The facts relevant to the pending motion (and supported by the record) are the following:

Lundeen is a physician holding Indiana license number 01070276A.

On or about December 14, 2011, the State Medical Board of Ohio ("Ohio Board") determined that Lundeen's "continued practice presents a danger of immediate and serious harm to the public" and issued an Entry of Order ("Ohio Order") permanently revoking Lundeen's license to practice medicine and surgery in the State of Ohio. The Ohio Order is based on certain findings of the Ohio Board's hearing examiner, which included the following:

a. Lundeen provided care and treatment to twenty-six patients identified in a confidential patient key;

b. Lundeen inappropriately treated, and/or failed to appropriately treat, and/or failed to appropriately document his treatment of these patients, including:

i. failing to conduct appropriate physical examinations,

ii. excessively and inappropriately prescribing narcotic analgesics and other drugs of abuse despite indications of possible addition, drug abuse, or diversion in some patients, and, in some cases, failing to refer the patient to an addictionologist.

iii. prescribing increasing dosages of narcotics that were not supported by an objective change in the medical status of the patients, and/or failing to document that there was any objective change in the clinical status, and

iv. applying medical management and/or treatment that was not appropriate to patients' diagnoses and/or their clinical situations, such as prescribing medications that were not appropriate for the diagnosis that Lundeen stated was being treated with the medication.

    c.    Lundeen made certain statements to investigators for the Ohio Board during an interview on March 16, 2011, which indicated that Lundeen sees himself as an astute diagnostician who does not need "expensive tests" in order to diagnose a patient and that Lundeen wants to see mainly chronic care patients in his practice;

    d.    Lundeen saw two patients at the same time for approximately eight minutes or less, and only asked one of the patients what his pain level was and to turn his head a certain way prior to printing prescriptions for both patients;

    e.    Lundeen operated approximately twelve (12) different office locations throughout Ohio including his busiest office in Portsmouth, Ohio;

    f.    Lundeen visited the Portsmouth office, which did not have any employees or staff, one day every two weeks and treated approximately ninety (90) patients during that day;

    g.    Lundeen stated that "a high percentage" of his patients received controlled substances; and

    h.    Lundeen indicated that it was not unusual to have thirty to forty people waiting at one time to be seen.

Lundeen appealed the December 14, 2011, Order of the Ohio Board permanently revoking his certificate to practice medicine and surgery in Ohio. See *Lundeen v. State Medical Board of Ohio*, Case No. 11cv-16295 (Franklin County Ohio Clerk of Courts of the Common Pleas, June 28, 2012). That state court affirmed the Ohio Board's December 14, 2011, Order, finding it supported by reliable, probative and substantial evidence and in accordance with the law.

On February 10, 2012, after notice and a pre-deprivation hearing was conducted, Ms. Kelly as Executive Director of the Medical Licensing Board of Indiana ordered the emergency summary suspension of Lundeen's medical license in Cause No. 2012 MLB 0005, pursuant to Ind. Code § 25-1-9-10. Indiana Code § 25-1-9-10 allows the board to "summarily suspend a practitioner's license for ninety (90) days before a final adjudication or during the appeals process if the board finds that a practitioner represents a clear and immediate danger to the public health and safety if the practitioner is allowed to continue to practice[.]" The Board found that Lundeen represented a clear and immediate danger to the public health and safety if allowed to practice medicine in the State of Indiana.

On April 26, 2012, the Medical Licensing Board of Indiana ("Board") held an administrative hearing concerning the amended complaint filed against James

Edgar Lundeen, Sr., M.D. by the Indiana Attorney General. Lundeen appeared in person. The amended complaint alleged that Lundeen's conduct in Ohio constituted a violation of Indiana Code § 25-1-9-4(a).[2] Under Indiana Code § 25-1-9-4(a), a practitioner "is subject to the exercise of the disciplinary sanctions under section 9 of this chapter if, after a hearing, the board finds. . . (7) a practitioner has had disciplinary action taken against the practitioner or the practitioner's license to practice in any state or jurisdiction on grounds similar to those under this chapter[.]" A practitioner is defined as "an individual who holds: (1) an unlimited license, certificate, or registration; (2) a limited or probationary license, certificate, or registration; (3) a temporary license, certificate, registration, or permit; (4) an intern permit; or (5) a provisional license; issued by the board. Ind. Code § 25-1-9-2.

On May 2, 2012, the Board placed Lundeen's medical license on indefinite suspension pursuant to Ind. Code § 25-1-9-9(a)(2).[3] Lundeen was ordered not to petition for reinstatement of his Indiana medical license until he submitted proof to the Board that he holds an active license to practice medicine in the State of Ohio. Lundeen was required to pay a five dollar fee and a five hundred dollar fine.

Lundeen has "not been able to secure a medical license elsewhere." Dkt. 10 at p. 6. Nor has he been able to secure gainful employment. *Id.* at 7.

Pursuant to Indiana Code § 4-21.5-5-1, a petition for judicial review is the exclusive means for challenging a final order of any agency. A petition for judicial review must be filed within 30 days of the date that notice of the agency action was served, see Indiana Code § 4-21.5-5 et seq. No petition for judicial review was filed as to Cause No. 2012 MLB 005.

## Standard of Review

Injunctive relief is "an extraordinary remedy that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis in original); see also *Goodman v. Ill. Dep't of Financial & Professional Reg.,* 430 F.3d 432, 437 (7th Cir. 2005) (same). The standards for a temporary restraining order and injunctive relief are identical. To justify a preliminary injunction, the plaintiff must show that he is "likely to

---

[2] Under Indiana Code § 25-1-9-4(a), a practitioner "is subject to the exercise of the disciplinary sanctions under section 9 of this chapter if, after a hearing, the board finds. . . (7) a practitioner has had disciplinary action taken against the practitioner or the practitioner's license to practice in any state or jurisdiction on grounds similar to those under this chapter[.]" A practitioner is defined as "an individual who holds: (1) an unlimited license, certificate, or registration; (2) a limited or probationary license, certificate, or registration; (3) a temporary license, certificate, registration, or permit; (4) an intern permit; or (5) a provisional license; issued by the board. Ind. Code § 25-1-9-2.

[3] Under Indiana Code § 25-1-9-9, the board may take disciplinary action if it finds that the practitioner is subject to disciplinary sanctions under § 25-1-9-4. *See* Ind. Code § 25-1-9-9(a).

succeed on the merits" of his claims, that he is likely to suffer irreparable harm without an injunction, that the harm he would suffer without the injunction is greater than the harm that preliminary relief would inflict on the defendants, and that the injunction is in the public interest. *Michigan v. U.S. Army Corps of Engineers,* 667 F.3d 765, 769 (7th Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). If the moving party meets its initial burden, then the court must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Storck USA, L.P. v. Farley Candy Co.,* 14 F.3d 311, 314 (7th Cir. 1994). The court also considers the public interest served by granting or denying the relief, including the effects of the relief on non-parties. *Id.;* see also *Winter,* 129 S.Ct. at 376–77 ("courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction").

## Discussion

### Likelihood of Success on the Merits.

Lundeen argues that the Director mis-applied Indiana code because the Director was informed of the disciplinary action pending in Ohio when she issued Lundeen his Indiana medical license. He argues that "laches prevents her from divesting Lundeen of his Indiana medical license for Ohio's allegations and action which pre-date issuance of the Indiana medical license." Dkt. 10 at p. 7. Further, he contends that the "Director has failed to allege any misconduct associated with Lundeen's Indiana medical license." Dkt 10 a p. 8. Lundeen argues that the status change in Lundeen's Ohio license from immediate summary suspension to permanent revocation is not misconduct or a result of Lundeen's actions.

This argument is not likely to succeed on the merits. On or about December 14, 2011, the Ohio Board determined that Lundeen's "continued practice presents a danger of immediate and serious harm to the public" and issued the Ohio Order permanently revoking Lundeen's license to practice medicine and surgery in the State of Ohio. This Ohio Order was sufficient to give the Board authority pursuant to Indiana Code § 25-1-9-9, to place Lundeen's medical license on indefinite suspension.

### Irreparable Harm

There is no evidence that Lundeen will suffer irreparable harm if his Indiana medical license is not restored. Specifically, there is no evidence that restoring Lundeen's medical license in Indiana will put him in a position to secure employment given his credibility, expertise and employment history and the fact that Lundeen cannot legally dispense, prescribe or administer a controlled

substance because his Drug Enforcement Agency registration has expired. See Dkt. 1-14.

### Adequate Remedy at Law

Lundeen argues that he does not have an adequate remedy at law because money damages would be difficult to assess and if he seeks money damages he will not be able to practice medicine in Indiana because of his constant fear of retaliation. This argument is speculative and of very little weight.

The Director argues that Lundeen could have sought review of the agency's decision, and subsequently a stay of the order suspending his license by filing a petition for judicial review. *See* Ind. Code § 4-21.5-5-9. Lundeen may raise constitutional questions on judicial review, and thus Lundeen had a remedy in which he could have sought all the relief requested in this action. *See, e.g. Majors v. Engelbrecht*, 149 F.3d 709, 713 (7th Cir. 1998) (Indiana law provides for review of constitutional claims by way of a petition to the state court). The court agrees that Lundeen could have pursued the relief he seeks in another forum and thus Lundeen had an adequate remedy at law.

### Harm to Director in Official Capacity and Public Interest

Given the fact that the Director has been sued in her officially capacity, harm to the director is necessarily related to harm to the public interest. Lundeen argues that "[t]here is no apparent reason why the Director would suffer damage if ordered by this Court not to enforce her orders ([in] 2012 MLB 0005 case) and to place Lundeen's medical license in active unrestricted status." Dkt. 10 at p. 10. In addition, Lundeen contends that allowing him to practice medicine will allow him to meet his financial obligations and provide needed medical services to Indiana's rural communities.

Any injunction allowing Lundeen to practice medicine in Indiana at this point in time is clearly not in the public interest. The Indiana Board found that the disciplinary sanctions taken by Ohio Board evidenced that Lundeen was practicing medicine in a dangerous manner, and that he should not be permitted to practice in Indiana. The Seventh Circuit has acknowledged that it is beyond dispute that "the regulation and licensing of health care professionals is an important matter of state concern." *Majors v. Engelbrecht*, 149 F.3d 709, 713 (7th Cir. 1998). Allowing Lundeen to practice in Indiana while this case proceeds is harmful to the State, and the danger to Indiana citizens far outweighs any harm asserted by Lundeen in not being able to practice pending resolution of this case.

**Conclusion**

Because Lundeen has not satisfied any of the threshold elements of a temporary restraining order or preliminary injunction, his requests for such relief [dkts. 8 and 9] are **denied.**

**IT IS SO ORDERED.**

Date: 09/06/2012

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JAMES E. LUNDEEN, SR.
26 Sandusky Streeet
Unit 30
Plymouth, OH 44865