UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. LUNDEEN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:12-cv-00696-DKL-SEB |
| | ) |
| NICHOLAS RHOAD, Executive Director of | ) |
| the Indiana Professional Licensing Agency, | ) |
| Official Capacity, | ) |
| | ) |
| Defendant. | ) |

**Entry Denying Post Judgment Motion**

Final Judgment was entered in this action on June 10, 2014. More than a year later, plaintiff James E. Lundeen, Sr., filed a motion for relief pursuant to Rule 60(b)(4), 60(b)(5) and 60(d)(3) of the Federal Rules of Civil Procedure. Lundeen argues that he is entitled to relief because the Court took judicial notice of the administrative and court records related to this action. See dkt. 75, pages 6-7.

**Background**

Lundeen is a medical doctor who had been licensed to practice in Ohio. On or about May 11, 2011, the State Medical Board of Ohio ("Ohio Board") issued a temporary summary suspension of Lundeen's license. While Lundeen's Ohio license was under temporary suspension, he applied for an Indiana medical license, which was issued on September 21, 2011. On or about December 14, 2011, the State Medical Board of Ohio ("Ohio Board") determined that Lundeen's "continued practice presents a danger of immediate and serious harm to the public" and issued an

Entry of Order ("Ohio Order") permanently revoking Lundeen's license to practice medicine and surgery in the State of Ohio.

On February 10, 2012, after notice and a pre-deprivation hearing was conducted, Ms. Kelly as Executive Director of the Medical Licensing Board of Indiana ("The Board") ordered the emergency summary suspension of Lundeen's medical license in Cause No. 2012 MLB 0005, pursuant to Ind. Code § 25–1–9–10.

On May 2, 2012, the Board placed Lundeen's medical license on indefinite suspension pursuant to Ind. Code § 25–1–9–9(a)(2). Lundeen was ordered not to petition for reinstatement of his Indiana medical license until he submitted proof to the Board that he holds an active license to practice medicine in the State of Ohio. Lundeen was required to pay a five dollar fee and a five hundred dollar fine.

This action was brought by Lundeen against the Executive Director of the Indiana Professional Licensing Agency in his official capacity seeking both declaratory and injunctive relief. Specifically, he asked for an order declaring (1) that the Ohio Board's orders of immediate summary suspension and permanent revocation of his Ohio license are invalid, and (2) that the Indiana Board's May 2, 2012 indefinite suspension is void and vacated. He also seeks an order requiring the Indiana Board to remove all references to his case from the public record. Finally, he seeks a permanent injunction against Defendant taking any further disciplinary action against his medical license based on his practice of medicine in Ohio and from imposing any condition which restricts him from using or renewing his Indiana medical license.

The defendant filed a motion to dismiss which was granted on the basis that the claims alleged either failed to state a claim upon which relief could be granted or were barred by the Eleventh Amendment. See dkt. 75. Final judgment was entered on June 10, 2014, and no appeal was taken. See dkt. 82.

**Discussion**

Rule 60 provides an "exception to finality," that "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010); *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *In re Taylor*, 793 F.3d 814, 820 (7th Cir. 2015); *Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir. 2011). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(b). Rule 60(d)(3) specifically allows a court to set aside a judgment for fraud on the court.

A motion under Rule 60(b)(4)-(6) or Rule 60(d)(3) must be made within a reasonable time. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wisconsin v. Wisconsin*, 769 F.3d 543, 548 (7th Cir. 2014); *cert. denied*, 191 L.Ed.2d 723 (2014) ("A motion to modify a judgment under Fed. R. Civ. P. 60(b)(5) must, like any motion, be made in a reasonable time, since the rules specify no deadline.). "What constitutes 'reasonable time' depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and prejudice to other parties." *Planet Corp. v. Sullivan*, 702 F.2d 123, 126 (7th Cir. 1983) (*quoting Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (30 days held

unreasonable when movant offered no explanation for his failure to challenge the ruling in question on direct appeal)).

Lundeen's delay in seeking relief under Rule 60 is not reasonable and his post-judgment motion is properly denied on this basis. Lundeen's primary challenge is based on the fact that this Court took judicial notice of judicial proceedings in other jurisdictions. There is no plausible basis to conclude that Lundeen could not have raised his objection to this practice sooner.

In addition, even if Lundeen's motion was timely filed he has not shown the "exceptional circumstances" which would entitle him to relief. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). Each of Lundeen's arguments is addressed generally below.

First, Lundeen argues that he is entitled to relief under Rule 60(b)(4) because the judgment is void. Rule 60(b)(4) "is construed very narrowly and a judgment is normally held to be void only if the rendering court lacked either subject matter jurisdiction or jurisdiction over the parties." *Planet Corp.*, 702 F.2d at fn. 2. "A judgment is not void, for example, simply because it is or may have been erroneous." *Espinosa*, 559 U.S. at 270 (internal citation omitted). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

Lundeen's claim that this court lacked jurisdiction in this action is summarily rejected. This court had federal question jurisdiction over the claims resolved in this action as well as personal jurisdiction over the parties. No relief is warranted on this basis.

Lundeen also suggests that the judgment is void because the Court misapplied the law in reaching that judgment. But, "a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Id.* at 270. Lundeen had notice of this action and the opportunity to be heard.  If he believes that

4

this Court's decision violated the penal exception to the Full Faith and Credit clause and controlling case law, then he should have filed a timely appeal.

Next, Lundeen argues that he is entitled to relief under Rule 60(b)(5) and Rule 60(d)(3) because the Judgment is no longer equitable and because he has provided clear and convincing evidence of "fraud on the court." Dkt. 84-1 at p. 7. Lundeen argues that in another case filed in this district, 1:14-cv-547-SEB-MJD, he demonstrated that evidence submitted during the course of a proceeding in Ohio were "procured through fraud, collusion, and fabrication of material expert witness documents." Dkt. 84-1 at p. 6. In support of this fraud, Lundeen submitted a CD-ROM which purports to contain "the oral arguments in a recent relevant Ohio Appellate court action" which Lundeen brought against his former attorneys in the Franklin County Court of Appeals. Dkt. 84-1 at p. 7.

The defendant argues and this Court agrees, that these arguments are part of Lundeen's on-going attempt to re-litigate his Ohio medical license revocation proceedings in this Court. This Court properly took judicial notice "of the administrative and court records related to this action, including those referenced in the complaint and those available publically." Entry on Defendant's Motion to Dismiss and Plaintiff's Second Motion for Preliminary Injunction, Dkt. 75, filed 1/7/14 (*citing Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556 (7th Cir. 2012)(collecting cases); *In re Salem*, 465 F.3d 767,771 (7th Cir. 2006) (citing cases). This action was proper because it is well settled that in "resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record." *Palay v. U.S.*, 349 F. 3d 418, 434 (fn. 5) (7th Cir. 2003).

Lundeen has not demonstrated any evidence of fraud on this Court because the decisions of this Court are not based upon whether Ohio's actions were correct, but whether Ohio revoked Lundeen's license. It is possible that the Ohio court's decision was wrong, but that is not the issue before this Court. It is undisputed that Ohio revoked Lundeen's medical license and nothing has

5

changed to warrant any of the relief requested by Lundeen. In addition, additional background information related to other judicial proceedings appeared in this Court's Entries to provided context and was proper for this purpose. *See Disc. Inn, Inc. v. City of Chicago,* 803 F.3d 317, 319 (7th Cir. 2015) (noting that background information provides context which helps judges make sense of the case).

### Conclusion

Lundeen's motion for relief pursuant to Rule 60(b) and (d) must be denied. The motion is untimely and without merit. In addition, Lundeen's attacks on the judgment reflect his disagreement with this Court's legal conclusions such that he could have and should have raised these issues on appeal. It is well settled that "Rule 60(b) motions are not meant to correct legal errors made by the district court." *3SM Realty & Development, Inc. v. F.D.I.C.*, 393 Fed. Appx. 381, 384 (7th Cir. 2010). For all of these reason's the belated motion for relief from judgment pursuant to Rule 60(b) and 60(d) [dkt. 84] is **denied.**

**IT IS SO ORDERED.**

Date: __01/05/2016__

*Denise K. LaRue*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

JAMES E. LUNDEEN, SR.
PO Box 18452
Cleveland Heights, OH 44118—0452

All Electronically Registered Counsel

6